UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RICHARD SMITH, ET AL                     CIVIL ACTION

VERSUS

NEW LEAF ASSOCIATES, LLC, ET AL          NO.  05-919-C

## RULING ON MOTION TO DISMISS

This matter is before the court on a Motion to Dismiss (Doc. No. 65) filed by defendants, B & B Enterprises and George Gute.  Plaintiffs have not filed opposition.  Jurisdiction is allegedly based on 28 U.S.C. §§ 1331 and 1332.  There is no need for oral arguments.

Plaintiffs have filed this suit, seeking damages from defendants, George W. Gute and B & B Enterprises International, Inc.  Plaintiffs named several other defendants which are not included in this motion.  Plaintiffs contend that defendants violated the provisions of the Louisiana Unfair Trade Practices Act by using fraudulent and deceptive marketing and/or debt relief methods.[1]  Plaintiffs contend that in return for the promise of "debt termination", plaintiffs paid New Leaf and/or Quantum amounts ranging from $3,795.95 to $5,295.95 dollars.[2]  Plaintiffs contend

---

[1] See Plaintiffs' Petition for Damages-Class Action, ¶ 14.

[2] Id. at ¶ 8.

that B & B Enterprises, Inc. was a coordinator for New Leaf and personally sold and marketed the New Leaf program and recruited agents.[3] Plaintiffs also contend that George W. Gute is the secretary and vice president of B & B Enterprises, Inc.[4] Plaintiffs claim that defendants made no effort to eliminate their debts and failed to take any action to prevent damage to their credit rating.[5]

In this motion, defendants contend that this matter should be dismissed because it is a "tag along suit" with no substance pertaining to the defendants. Defendants claim that the Florida attorney general has depositions of Mr. James Patterson, owner of New Leaf Associates. Defendants contend that Mr. James Patterson assumes full responsibility of all aspects of the New Leaf Associates Program and indemnifies all others.

When considering a motion to dismiss under Fed. R..Civ. P. 12(b)(6), the Court accepts as true all well-pleaded allegations in the complaint, and views them in a light most favorable to the plaintiff.[6] "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[7]

---

[3] See Plaintiff's First Supplemental and Amending Petition for Damages-Class Action, ¶¶ 8 and 9.

[4] See Plaintiff's Petition for Damages-Class Action, ¶ 17.

[5] See Id. at ¶ 11.

[6] **Malina v. Gonzales,** 994 F.2d 1121, 1125 (5th Cir. 1993).

[7] **Fernandez-Montes v. Allied Pilots Ass'n**, 987 F.2d 278, 284 (5th Cir.1993).

Unlike a motion for summary judgment, a motion to dismiss should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief.[8]  The United States Court of Appeals for the Fifth Circuit has noted that dismissal for failure to state a claim is disfavored and will be appropriate only in rare circumstances.[9]

It appears that defendants are arguing that plaintiffs have failed to state a claim against defendants.  Although defendant George W. Gute is a pro se litigant and is not held to the same standards of compliance with formal or technical pleading rules applied to attorneys, defendant has only presented unsupported allegations with regard to James Patterson role with New Leaf.  Defendants attached a copy of an affidavit apparently filed in a pending Florida proceeding.  Neither document clearly excuses or contradicts the facts alleged in the plaintiffs' petition.  Therefore, the court, in accepting all allegations in the petition/complaint as true and viewing them in the light most favorable to the plaintiffs, determines that plaintiffs have stated a valid cause of action under Louisiana Unfair Trade Practices Act against the defendants.  Therefore, defendants' motion to dismiss will be denied.

---

[8] See **Conley v. Gibson**, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); **Home Capital Collateral Inc. v. FDIC**, 96 F.3d 760, 764 (5th Cir.1996).

[9] **Mahone v. Addicks Util. Dist. Of Harris County**, 836 F.2d 921, 926 (5th Cir.1988).

Accordingly,

IT IS ORDERED that the Motion to Dismiss filed by defendants, George W. Gute and B & B Enterprises, Inc., is DENIED.

**Signed in Baton Rouge, Louisiana, on .July 23, 2008**

**RALPH E. TYSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**