UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARD SMITH, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 05-919-RET-DLD** |
| **NEW LEAF ASSOCIATES, L.L.C.** | |

## MAGISTRATE JUDGE'S REPORT

This matter is before the court on a motion for partial summary judgment against Thomas D. Spiller (rec. doc. 98) filed by plaintiffs.

The case law is clear that when a plaintiff files a motion for summary judgment against a party that has not yet filed responsive pleadings, the courts are authorized to dismiss the motion without prejudice. *Lijadu v. Immigration and Naturalization Service, et al*, 2008 WL 4544390 (W.D. La. 2008). There have been no responsive pleadings filed by Spiller in this matter. Also, it stands to reason that if the court must dismiss a motion for summary judgment if no responsive pleadings have yet been filed, the court must dismiss that motion if the defendant against whom the motion is directed has not yet been served properly.

The plaintiffs have attempted service on defendant Thomas D. Spiller via Federal Express and certified mail, return receipt requested. This kind of service is governed by Rule 4(e)(1) of the Federal Rules of Civil Procedure, which allows service according to the state laws regarding service of process. The court thus looks to the provisions of La. R.S. 13:3204 to determine if service of process was properly handled as to Thomas Spiller.

That statute states that in a suit under R.S. 13:3201,[1] the citation and certified complaint "shall be sent by counsel for the plaintiff, or by the plaintiff if not represented by counsel, to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier . . ."  The statute is clear that this kind of service has the same legal force and validity as personal service on the defendant in this state, and defines a "commercial courier" as any foreign or domestic business entity having as its primary purpose the delivery of letters and parcels of any type and which "acquires a signed receipt from the addressee, or the addressee's agent, of the letter or parcel upon completion of delivery. . ." *Id.* The statute is equally clear that summons and a certified complaint "sent by registered or certified mail" and "actually delivered" by commercial carrier do not mean the same thing.  One simply requires sending the pleadings, and the other requires receipt of delivery. Either way constitutes personal service.

In this case, plaintiffs' service on Thomas Spiller fails both ways. First, the Federal Express delivery confirmation indicates that the package was signed for by "J. Behrentdt" as "receptionist/front desk."  There is no indication that J. Behrentdt is Spiller's agent for the purpose of signing a receipt for Spiller.  Moreover, the Federal Express Exception Form indicates that the "rcpts box is closed," and the parcel was refused; thus, there was no "actual delivery" to the addressee.

---

[1] La. R.S. 13:3201 is the statue that governs jurisdiction over non-residents.  As plaintiffs attempted service via a commercial carrier (Federal Express), La. R.S. 13:3204 is the state statute that governs service of process for non-residents, but service under this statute must be in a suit allowable under La. R.S. 13:3201. If plaintiff wishes to direct the court's attention to a different state statute that allows him to serve defendant via commercial carrier, he may do so.

The certified mail service fails because it was sent either to the wrong address, or was sent to plaintiff's place of employment.[2] Valid service of process "cannot be effected on a defendant by directing service to his place of employment by certified mail." *Drago v. Drago*, 477 So. 2d 786, 788 (La. App. 1985) In this case, the mail was returned to sender and stamped "undeliverable, commercial mail receiving agency, no authorization to receive mail for this addressee." While service by certified mail does not require actual delivery, it does require that the notice "be received by defendant or by a person authorized to receive mail on his behalf." *Administrators of Tulane Educational Fund v. Ortego*, 475 So.2d 764 (1985) The certified mail notice was sent not to Thomas Spiller, but to a commercial agency not authorized to receive mail for him, which therefore is not valid personal service under La. R.S. 13:3204.

## Recommendation

**IT IS RECOMMENDED** that plaintiffs' Motion for Partial Summary Judgment (rec. doc. 98) should be **DISMISSED** without prejudice.

Signed in Baton Rouge, Louisiana, on March 9, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[2] The court's review of the address "5045 34th Street, St. Petersburg, Florida" indicates it belongs to "Pack and Send," a commercial mail receiving agency. It is unknown whether this is Spiller's employer or just a mail agency.

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARD SMITH, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 05-919-RET-DLD** |
| **NEW LEAF ASSOCIATES, L.L.C.** | |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have fourteen (14) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 9, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**